2317 Wolfe v. McDonough, Mr. Hoffman, whenever you're ready. May it please the court. The veteran, Ronnie Wolfe, was fraudulently induced into a divorce from a person he was never married to. He died a few months later. That divorce prevented his wife of 10 years, Luann Wolfe, from being recognized as his eligible spouse. The fraud was proven in an Oklahoma court, but a few months after the board's decision. The VA and the Veterans Court know that Mrs. Wolfe was entitled to benefits five years before VA started paying them. But because of the fraud, Mrs. Wolfe lost $60,000 in benefits she is entitled to. Going forward, though, after that period, she is collecting her benefits now, right? Yes, Your Honor. We're talking about a gap of five years, but once the fraud was proven, she did move to reopen her claim. And the date that she moved to reopen her claim, she did start receiving benefits. Did Rhonda Matthews receive payments also? Not that I've ever seen, Your Honor. And I do have Mr. James Ronnie Wolfe's full record, and I've never seen any evidence that she's been paid any VA benefits. Okay. The VA and the Veterans Court know the board's denial was based on fraud. And this is about whether a fraud against a veteran and his wife should allow the VA to continue denying benefits that the claimant is statutorily entitled to. The VA and the Veterans Court both misinterpreted the board's rules on reconsideration so that the board can only reconsider grants based on fraud, but not denials. And that is arbitrary and capricious. The VA made two choices. First- Counsel, this is Michelle. As I understand it, I think at least one of your main arguments is that the agency's implementation of the statute and its regulation is arbitrary because it allows for correction of fraud where the veteran, where I guess the board relied on fraudulent material submitted by the veteran in order to grant benefits. Is that right? And you say that there should be a likewise provision for the denial of benefits. Otherwise the agency's regulation is arbitrary. Is that your main position? Yes, Your Honor. And the reason it's arbitrary is because of the two choices. First choice was that the board or the VA, excuse me, decided they're going to reconsider some decisions that are based on fraud. But then they made a second choice. And that second choice was that, and this is what they can't provide a rational explanation for, is that they chose to reconsider only grants, but not denials. And they can't provide a rational explanation for that because the only explanation for that is that the Congress intended to be paid benefits. Well, Mr. Huffman, let me... Go ahead. Sorry. Go ahead. Oh, no, no, you go ahead. It's fine. Okay. I guess even if there were arguably a need for symmetry here, if that's the appropriate word, she gets caught if the government, you get reconsideration if there's been fraud on her part against the government. And your argument for symmetry should be, wouldn't that be that if the government commits fraud against her, then she would be entitled to benefits? And while that's not provided for in the regulation, that would be covered arguably under due process or Cushman or that sort of thing too. So it seems to me there is some symmetry in the system. It's just not the kind of symmetry you would want, which starts implicating fraud by third party. So am I understanding it correctly? Yes, Your Honor. I would go a little further and say it's not symmetry that's so important. It's that Congress wants the VA to fix any of its decisions based on fraud, third party or not. And you can see that there's a lot of statutes that Congress says, fix fraud, fix grant fraud. And you're right. It would be under due process. And if it was a VA employee that committed fraud against Mrs. Wolf that caused her board denial, she would have been able to get under Rule 904, which is now Rule 1000. They would have vacated her board decision for VA fraud. Right. So the circumstance we're talking about here for the, you know, your argument that there's it's arbitrary involves the government then having to go out and investigate allegations of fraud by the claimant involving third parties. And that, in my experience, significantly expands the scope of where the government would need to go in terms of adjudicating these benefits. Right? I mean, you see my concern here. I see your concern, Your Honor. And actually, the government doesn't have to do anything more than it already does. 38 U.S.C. 5107 says it is the claimant's responsibility to present and substantiate their claim. If the claimant's going to allege fraud, the claimant better be ready to prove that to the board. And also, the VA is already dealing- In this case, it seems more straightforward than most. But you're right, she has the- But in your view, in this pro-claimant system, wouldn't the government have to- I don't know how it would adjudicate claims of fraud dealing with third parties that it has no jurisdiction over or no authority over. This case happens, I think, to me, maybe an unusual case where you've got a paper record. Yes, Your Honor. Now, in this case, it's a little different because the VA has already recognized that it was fraud and granted her benefits once they saw the fraudulent evidence, just not the five years that she's missing. The VA already has a system in which it deals with entities outside of itself and outside of the claimant. There's a whole system for claims that are contested. For instance, it's not terribly uncommon where a veteran passes away and we find out that he or she has three or four spouses. It's not uncommon that someone has to prove that they are the child of a veteran. So, the VA is equipped to do this and while there's no doubt it can be a little bit more difficult than your straight up, hey, this person is married, no fraud involved, Congress didn't limit the VA's inquiries into things by just how hard it is. There are, of course, limitations based on efficiency, but here they're not going to have to do too much. They don't even have to go get private records that would prove the fraud unless the claimant told the VA, this is where you can get the records. Even the duty to assist is only going to apply if the claimant does their part to present and substantiate their claim under 38 U.S.C. 5107. Furthermore, the VA has also, has, as situations, Congress has already had the VA... At that point, I actually hadn't even considered it. So, if we said you were correct and fraud by third party was something the government had to recognize, then in connection with the petitioner pursuing that claim, an argument, an allegation that someone committed fraud that precluded he or she from getting the benefits, the government would have to assist the claimant in that pursuit? I think if the, I do think that if they made it during the original claim, I'm not so sure if that would happen, if the duty to assist would attach, for instance, in a motion for reconsideration, which is recognize, you can recognize motion for reconsideration as something that it's really on the claimant to prove to the court or to the board why they need to reconsider. What if the motion could be granted under one subsection, but not on the subsection that the motion claims as the basis? Are you referring to the dissent, Your Honor? Yes. So, I think if, because veterans are not required to plead too specifically, and that would be, I mean, Mrs. Wolf isn't going to know the difference between section 904 and section 1000. There's no way. There is, I think that the board should go with whatever section is the most favorable for the veteran. However, in this case, and I love what the dissent said, the dissent recognizes it's reprehensible. The dissent says that the VA has to fix this somehow. However, section 904, it's fraud provision is also only for grants of benefits and due process. We have a problem because it's a third party. The third party can't really violate Mrs. Wolf's due process rights. Well, I agree with that, Mr. Kevil, but I think, and this may be part of what Judge I know this wasn't pressed as a basis, but it seems like maybe it should have been. I mean, that this provision is the one that might take care of the egregious cases where at some point, this doesn't have a time limit. So, if it becomes clear and enough time to file for reconsideration, that there has been an obvious error or fact in law, it seems like subsection A would be the one to, you know, run the truck through. And I know that wasn't raised here, but why am I wrong about that? Subsection A, Your Honor, the way, and it's hard to tell because there's just very little case law on this, but subsection A, the way VA interprets it is to be more like a Q claim. Now, there are regulations that say you can't treat a motion for reconsideration like a Q claim, but they're only talking about procedurally. Ultimately, subsection A- But that is not a Q claim. It just says upon the allegation of this error in fact in law, and the standard of proof on a Q claim is much more rigorous. I'm wondering if you file a motion under C, and the VA is looking at this, and they're looking at not an allowance, but they go, there's a denial here, and there's obviously, you know, something very wrong has occurred here. We have this state finding of fraud, and we ourselves have already decided that she was qualified all along. Then why could not, why should not the VA say, we're going to go ahead and review this under A? If they're going to interpret that regulation, how it's written, Your Honor, I would agree with I think that they should reconsider it under A also, and I believe- Well, that presents a problem, counsel, does it not, that she was represented, and this was never pressed or raised below. So, don't you think that under these, I mean, you pressed C valiantly, you know, you've done a good job making whatever argument you could come up with, but is it up to the government? I mean, you're the one that pressed the claim, even from, you know, is it up to the government to come up with different provisions in order you allow it when you haven't made that argument? No, Your Honor, she did not file under A, B, or C. She just filed a motion for reconsideration. The argument A, the reason I've chosen not to present it under A is because the VA does treat it like a Q claim, and its authority for it is under Q. Now, should it be treated like a Q claim? We didn't argue that it shouldn't be, but they are, in their records, they've talked about not reviewing records after the board decision. It's supposed to be not over plowed ground, and that is why we chose- How can it not involve records where it says an allegation of an obvious error of fact? How would that not implicate records? Because, Your Honor, it wouldn't be an obvious error of fact if the record stops at the day they made the board decision. I know we're in reversal, we're role reversal here, right? You're making arguments about how you favor the government, so maybe, you know, I ought to allow that, but I do think that I didn't see this argument raised. It hasn't been teased out. The government hasn't had a chance, I guess, to give its position at all, as far as I can tell. Am I right about that? Yes, Your Honor. Okay, so then my next question to you is, would you say that this argument has been forfeited? Can she go back down and just raise it on A? No, Your Honor. She raised just the motion for reconsideration. She, I don't think it should be forfeited. I'm going to point, Justice Scalia at one point said that an argument not made by an appellant doesn't mean that the argument is necessarily waived. That is the court's discretion. Okay, but there's a difference between a waiver and forfeiture. And a waiver is where you have an intentional abandonment, or there's intent involved to not move forward a claim. Whereas with a forfeiture, we don't have that. But anyway, it just seems to me that A would have been a way to proceed on this particular claim and maybe even succeed at it. And I'm amazed that A was not relied on and that you don't make that argument. And to be quite frank, I'm trying to see here if maybe A is still available in order to correct what's clearly an obvious error of fact or law. I mean, those are the words. It doesn't say Q. I'm dubious whether A is premised on a Q standard of proof, which is pretty rigorous. Well, could I just follow up on Judge Reyna's question? I'm not sure you gave us or him any clarification as to why there... Is there a mechanism in which he could raise it at this point? Can she amend her request for reconsideration? Or is this just, you know, the horse left the barn and there's nothing she can do to clarify or to amend the current filings to include A and compel at least an adjudication of that? Obviously, it would have to go back to the board and the CABC for them to resolve that. But are you clear? You know, you presumably know the procedures better than I. Are you clear that there's no way that she can amend or change the pending motion to bring that in? Her motion, Your Honor, never specified A, B, or C. And I'm going to... I will... Just real quick, I'm going to read from the appendix, page 32, about what the board said about A. You have alleged, in essence, that the board decision contains an obvious error factor law. Obvious, parentheses, or clear and mistakable error is a very specific and rare kind of error. That's how the VA treats A, as if it's Q. They go forward and talk about C, and they ended up denying... I want to follow what you're saying, and I just found appendix 32. So can you tell us where on the page you're reading from? Yes, third paragraph down. So last paragraph on page 32. And they go on, and I'm starting with... I'm just going to start at the beginning. The chairman will order reconsideration on the ground of obvious error factor law, only when it's shown that the board committed an error in its decision, which, if corrected, would change the outcome of the appeal. Obvious, and then in parentheses, or clear and unmistakable error is a very specific... And from that point, they talk about clear and unmistakable error and the rules behind clear and unmistakable error. But I don't understand. I mean, even assuming that, why this wouldn't satisfy clear and unmistakable error? A lot of allegations of fraud by third parties might not, but here you've got legal documentation. So where it says the alleged errors must be described with specificity and persuasive reasons must be given as to why the result would have been manifestly different for the alleged error. I don't see why that's such a huge hurdle for you necessarily. I'm not doing fact-finding here on appeal. I'm just making the observation. Yeah, because the records of the fraud came after the board's decision, and so they wouldn't be considered when they were deciding if there was an obvious error. That's their problem. If her records were in the record at the time the board made the decision, if the proof of fraud was there, then I think we would be arguing this under Rule 1000A and Rule 1000C. But since the records weren't there... If that's the case, then why can't you refile for reconsideration on the basis of newly found evidence? Because newly found evidence has to be service department records, Your Honor, under B. And Q doesn't allow newly found service or newly found records whatsoever, so 1000A wouldn't work in that regard. And 1000B can't work because these aren't service records. This is an Oklahoma State divorce decree and marriage license. Counsel, this is just short of a question. There's a separate regulation related to Q, right? Yes, there is. There's several. Okay, right. So, and so your view is that the statute 7103, the title of it is reconsideration, semicolon, correction of obvious errors, and your position is that the agency, when it talks about obvious errors in the regulation, they have equated that to Q. What other cases do you have to support that? Any? Or is it just what they said in this particular decision? Let me look real quick, Your Honor. So, I think the case would be Cerullo v. Derwinski, one, VET app 195. Actually, it might be a lot of these, and it might just be that they were discussing it, and I'd have to go through the cases. And I'd be happy to look at them and submit an answer later if you'd like, rather than start piling through these. I'm just trying to understand the position. So, you're saying that before the Veterans Court section, and before the board, that section A was argued, but that it wasn't argued on appeal, because of your understanding that it only allowed for Q, and you didn't think Q was satisfied here. Do I understand that correctly? Yes, Your Honor, there's that. I also believe that 7103 has to, and Rule 1000 has to consider all types of fraud. I don't think that there's a rational explanation for it to consider one type of fraud, but not the other, when you're giving up nothing by considering denials due to fraud. The VA would still protect the public. This better present a picture of like... This is Judge Prost. Just going back to the point about the reasons that it wasn't raised, and what it was... I mean, you could have challenged... You should have challenged the VA's interpretation of A, rather than here. You are challenging. You're challenging the regs here. So, it wasn't like you were shy, as you should not be, as the good advocate you are, to challenge what the VA did. So, why didn't... The same would have applied for the opportunity, if you just agree. If you're correct, there's a Q standard, and it's too high a standard. That could have been challenged, just as you're making the challenge under C, right? Yes, Your Honor. But I will say, like, A makes a lot of sense, drafted and interpreted as Q. In part, because there are times Congress told the VA that it wants to consider and reconsider its decisions. And it talks about relief from VA administrative errors under 38 U.S.C. 503. It talks about Q in 38 U.S.C. 7111, 5109A. It talks about reconsideration in 7103. And then there's the new material service records. And that's a lot of what Rule 1000 does. Rule 1000 compiles what Congress has already made clear. And Congress has never really asked for the VA to just look at new records that aren't from the service. The question was this. You were reading, Counselor, different parts of the regulation and all where Q is referenced. But I don't see Q referenced here under A. It doesn't say that. It doesn't even say proof. It says, upon allegation of obvious error of fact and law. And throughout VA law, Q is one of the most rigorous standards that we deal with. I agree, Your Honor. But I don't know if you heard what I was pointing out was these provisions in Rule 1000, they're not just made up by the VA. They come from what they have gleaned as Congress's intent. And the obvious error, if you look at it, is Q. Okay, I understand all that. Let me ask you a question. In your view, what's the track? What's the path available to your client to get consideration under 20.1001A? I think that the Veterans Court would have to hold that the board has misinterpreted Rule 1000 so that A is not about Q claims, but a veteran can just submit whatever evidence that doesn't fit under B and C, and the board has to reconsider. Yeah, I don't know how else it would be. It would have to be all evidence. And if we do that, then I don't know what the point of a new and material evidence claim would be. There is a point where the claimant's responsibility has to come in. And part of that point is going to be Q claims. There's a reason why you can't just submit new evidence that gets- that's favorable. You submit new evidence that no one's seen, you get to reopen your claim. And that's great. But you don't get the benefit of an earlier effective date. I understand that. Counselor, arguing in favor of application of Q, I don't think that helps you. No, no, it doesn't. So I'm seeking a way out. I'm seeking a- and why am I doing this? I mean, because I see basically here an injustice that's contrary to VA law as a whole. I mean, she was entitled to these benefits. There's been a fraud perpetrator. There's an obvious error of fact here. And it's obvious because a court of law has rendered an opinion that sets off the fraud. How do you get back in? And by back in, do you mean arguing? How do you get- yes. That the veteran system is so friendly that it will- you can just submit evidence after your board decision and then the board has to reconsider it. I mean, maybe there's some level of evidence, but those levels of evidence I think are found in B and C. But your interpretation of A would be any evidence that proves an obvious error in fact or law, which is what new and material claims do also. If we could go back on earlier effective dates with new and material claims, I'd be quite happy also. And I mean, that would have to be what it is. All evidence that proves that the board's decision was wrong, obviously, can be used to get an earlier effective date and have the board reconsider its claim or its decision. But I don't think we need to go there because we have fraudulent evidence that influences- Well, and we're back full circle to your argument. And actually, you've been pretty persuasive, at least speaking for myself, on the problems with subsection A. So we're left with C. And again, I just think it would be a pretty onerous burden on the government. I'm still not seeing the symmetry. So if you want to say one thing about that, if the government had committed fraud on her, which disallowed the benefits, she'd clearly have a right to have that re-adjudicated and adjudicated, right? So you're just- Yes, Your Honor. ...circumstance where there's some allegation of third party fraud, like, you know, my neighbor stole my records, and this record was included in that, or something like that, right? I mean, the government would have to get involved in a much larger universe than it does presently or under any other circumstance. I don't. Your Honor, I don't think it would have to get to a much larger universe. I think it's already in that universe when it's dealing with contested claims. It's already in the malfeasance, but when it will reconsider based on new DOD records, and I want to turn real quick, and I am way over time, but just real quick, this court had a decision come out last week about a third party that caused someone to lose decades of benefits, and that was in Taylor. And Taylor was just- it was just published, I think, Tuesday or Wednesday last week, and we just read it two and the claimant is only asking for what Congress authorized. This is Mrs. Wolf in both instances, and the claimant could not get those authorized funds because of a third party, also Mrs. Wolf, and the impediment to receiving the funds was not the VA, also Mrs. Wolf, then the Veterans Court should equitably stop the VA from denying a veteran an early effective date. Now, we're not necessarily asking for equitable stoppable. However, I would say that if the court doesn't agree with our arguments about statutory interpretation or regulatory interpretation, equitable stoppable, the case should still be remanded to the Veterans Court to determine whether equitable stoppable under Taylor is warranted. But the Taylor court's reasoning is exactly the same as Mrs. Wolf's reasoning. This is someone Congress wants to- Well, we are, yeah, we are very familiar with the Taylor case, so I appreciate that, but we're way beyond our time, so why don't we turn to the speakers and we'll research some of your rebuttals. All right. Thank you. Thank you, Your Honor, and may it please the court. I'll start with the court's inquiry as to subsection A, and I do agree with Mr. Hoffman that that's not applicable here. As an initial matter, we believe that Mrs. Wolf has waived, intentionally abandoned this claim, and I would point, Your Honor, to page 14 of the reply brief, which says that. Second, I think to remedy the subsection A, and- Counselor, had the filing originally be made under section A, would this have gone forward, or are you saying that A does not apply because it was waived, or forfeited, rather? The waiver argument, Your Honor, is to this court's review of whether the board or the Veterans Court erred by not allowing reconsideration under A, and to Your Honor's other point, our argument here is that subsection A does not apply to Mrs. Wolf's circumstances, and the reason for that is because the challenge here by Mrs. Wolf is to the May 2014 determination. There was no error of fact or law in that determination. As Mr. Hoffman noted, the facts that were before the board at the time, the probative evidence showed that the veteran was married to Mrs. Matthews, and so there was no error to be remedied in that case. On the basis of the subsequent evidence, could she go back and refile for reconsideration and say this evidence of obvious error of fact has come out since we were last here? Yes, Your Honor. Mrs. Wolf can file another request for reconsideration. She can also file a motion to vacate or for a cue. Those remedies are still available to her today. Okay. Wait, I have a question for you, counsel. I think my question probably piggybacks on Judge Arena's question, which is I understood you to be saying that 20.1001A is limited to an obvious error of fact based on what evidence was in the record at the time of the board's original decision, and that it can't be based on new evidence. Am I understanding you correctly? That's correct, Your Honor. And what is your basis for saying that? This dates back to a case called Hazan v. Gober. It's 10 Vet App 511 from 1997. There could be previous cases. That's the oldest one that I'm aware of, which links the obvious error standard to the cue standard and says that there's no obvious error on the part of the board unless the evidence at the time considered by the board shows an obvious error. So we are limited to the evidence that existed at the time. And I would just point out as a practical matter, Your Honors, if the obvious error standard were to allow new evidence, then reconsideration would be no different than the look at the time that the board made its determination and whether that determination had an obvious error of factor loss based on the time. And I would note also, Your Honors, that Ms. Wolfe did file a motion and reopen her case. The VA granted her benefits when she demonstrated her eligibility to them after she filed a motion to reopen. And the most important part here, I believe, goes to Judge Prost's last question to Mr. Hoffman is that I understand the panel's interest in finding where the remedy lies for Ms. Wolfe, but this appeal is not an appeal about the effective date. Ms. Wolfe did not appeal the VA's determination on her proper effective date. This appeal is merely whether VA's reconsideration regulations are unlawful. And so Mr. Hoffman and Ms. Wolfe have argued that Congress intended for the reconsideration regulations to have included her circumstance, the denial of fraud. But the statute 7103 does not dictate when or how or under what circumstances the chairman may order reconsideration. It's silent. The statute leaves the discretion to the VA to enact reasonable regulations. And that's what the VA did here. The VA's reconsideration regulations are consistent with what Congress had previously enumerated as grounds for reconsideration. And the VA's addition of subsection C is consistent with the numerous statutes that Ms. Wolfe cites that address fraud in the grant of benefits. Ms. Wolfe has not cited any statute or any congressional intent or indication that the VA should have also promulgated a regulation going to the denial of benefits based in fraud. There's simply... Isn't that the purpose of A? Of subsection A in the regulations, Your Honor? Yes. Uh-huh. I'm not sure I understand Your Honor's question. Well, it covers the gap that you were saying. If you look at C, it only deals with an allegation in terms of an allowance of benefits, but not whether there's been a determination of denial. Why wouldn't A cover that? A could cover that, Your Honor. I could imagine a situation in which it doesn't here because the fraud was not known at the time. But it is true- I'm not sure where you started. I thought you were suggesting, but I wasn't clear at the outset, that she has alternatives that she might pursue in order to recover this $60,000 interim benefit. Is that what you were saying? And if so, can you clarify that for me? Sure, Your Honor. I'm not representing that Ms. Wolfe would, in fact, be entitled to the amount that she's seeking. I'm merely pointing out that she does have available remedies still. She can file another motion for reconsideration. She can file a motion to vacate, and she can assert Q. And so whether Ms. Wolfe can establish entitlement under all of those is for the VA to decide. But for the court's purpose in this case, Ms. Wolfe has not shown that the regulations are inconsistent with the statute, or she has not shown that Congress intended or required or mandated the VA to promulgate a regulation that covers her particular circumstance. Counsel, you said that she could file a motion for reconsideration. You're talking about this statutory provision, regulatory provision that we're talking about today, right? Or is there something different? The same one, Your Honor. Okay. And then when you say vacate, you're talking about the provision that was identified by Chief Judge Bartley in her dissent, right? That's correct, Your Honor. Okay. And what about, I just want to ask you more broadly, you know, in looking at Congress-enacted U.S. 38 U.S.C. 7103, and the title of it is Correction of Obvious Errors, is that kind of like analogous to Rule 60 in a district court case, would you say, under, you know, federal rules of civil procedure? I don't... I think, Your Honor, perhaps it's somewhat analogous, but certainly the federal rules of civil procedure don't apply to the board proceeding. And I think that the important point here is that although the title states obvious errors, Congress did leave the discretion to the allow reconsideration. And so, although we can look at the statute, I think Ms. Wolf's challenge here to the regulations that the regulations don't specifically cover her instance is not solved by the title of 7103. As we've explained earlier, under Subsection A, the obvious error provision for regulation, Ms. Wolf simply doesn't meet that subsection. And so, she's not entitled or eligible for reconsideration under Subsection A as an obvious error. I understand what you're saying. I'm just trying to understand what Congress had in mind. I understand your position that Congress was allowing the agency to implement it, even under Rule 63, which talks about fraud. It says it's fraud, misrepresentation, or misconduct by an opposing party. And what do you think of Judge Pro's question about if there is a corollary here that was missing in Part C, it would have to be, I guess, fraud by the agency or the government as opposed to fraud by some third party if there was going to be a provision that was analogous to a denial of or a grant of benefits by the board based on fraudulent evidence submitted by the appellant? Yes, Your Honor. I think it would certainly be difficult, I believe this was raised earlier, for the VA to enforce any fraud or investigate any fraud by third parties in this instance. And it's certainly the claimant's responsibility to put forth evidence that the board erred when it's arguing that reconsideration should be granted. I'm not sure what, I guess I would just say that Congress left to the VA the discretion. And so, whether the VA believes a certain symmetry is required or maybe they've thought about it in different ways, that's for the VA to promulgate in its regulation. Are you familiar with a case called Cushman where we found the due process right? Weren't the facts in Cushman kind of close to this one? In other words, where someone in the VA in terms of record keeping or whatever does something intentionally to mess things up for the complainant, that constitutes a due process problem and therefore that person can seek relief. So that's where I do think there's symmetry even though it may not be in this regulation. In other words, if the VA has committed fraud, which precludes the claimant from getting her benefits, do you not agree that there is recourse that can be had? Yes, Your Honor. Of course, there'd be recourse if the VA were the one to have committed the fraud. That would certainly be a due process question. I think that the difference between Cushman in this case is in Cushman there was a presentation of altered material evidence. I believe it was a medical record. No, no, no. I think you're misunderstanding at least what I'm saying. I'm not suggesting that Cushman allows for due process violations committed by third parties. I think even Mr. Hoffman points that out correctly. I didn't suggest that that's what allows fraud to third parties. I was suggesting that if the government is the perpetrator of that fraud rather than a third party, there would be relief to be had by the complainant. I agree with that, Your Honor. I believe that that would be a due process question. I believe that VA's regulations would cover that in its 38 CFR, what's now 20.1,000 for a vacature of a decision, which allows or speaks to the denial of due process if there's an action by the VA. Yes, I do believe that there would be recourse if there was denial of benefits. The last point I'll make, Your Honors, is to Ms. Wolf's supplemental authority that she filed with the Taylor case. I would just note that Taylor is not relevant to the resolution of this appeal. There's obviously the material factual distinction between this case and Taylor is that in Taylor, it was the government, like we just were talking about, who was the party that caused the claimant to lose decades' worth of benefits. Here, again, it was the third party. Also, equitable estoppel is against the adversary of one. Here, again, we're talking about a third party. Mr. Hoffman's argument, it would not be appropriate to remand to see if equitable estoppel were warranted here because there's been no allegation that the VA was involved in the fraud that was found here. If there are no further questions, we ask that the court sustain the Veterans Court's decision. Thank you. Thank you. Mr. Hoffman, rebuttal, please. Mr. Hoffman, are you on mute? Yes. Hello? Hello? Yes, we can hear you now. Okay. Sorry about that. Your Honors, it's true. The statutes never say that a denial due to fraud has to be dealt with. The Congress didn't say that explicitly, but they don't need to because fixing a denial based on fraud takes you right back to the statute. And in this case, 38 U.S.C. 101, Wolf satisfied it. 38 U.S.C. 5110, Mrs. Wolf satisfied it. 38 U.S.C. 1310, Mrs. Wolf satisfied it. She is a qualified spouse who filed her DIC claim within one year of her husband, 100% service-connected veteran, passing away. There is no alternative. She's already filed for reconsideration. So what good is it going to do to file a second one? She filed it generally before she was represented, not under 1000A, B, or C, just 1000. Vacate at the board won't work because there is no due process violation. And vacate brings us right back here. The only time they vacate a decision because of fraud is when it's a grant. Cue can't work because there's no Oklahoma court order involved in a cue review. They say that whatever... Counselor, although fraud is the underlying issue here, why couldn't you proceed just on the basis of error of fact, that the fact was wrong, the facts that were considered by the board? Because I can't prove those facts are wrong, Your Honor, without the evidence of the Oklahoma court order. But you have that. I have that, but when they... Let's say they will review that. Sorry, Your Honor. Yeah, but I think you're stuck on the basis of a future filing for reconsideration to be based on the fraud. But just leaving fraud aside, why can't you just do it on an obvious error of fact? I could, Your Honor. I just don't see how I'm going to succeed on it. I don't know how the board is going to just deal with... Because all of a sudden you can do that with every single board denial. You could submit evidence that, hey, your denial that you have from 23 years ago was wrong. It's obvious wrong. Look at this record I have that was generated yesterday. And there is no time limit to file a motion for reconsideration. We would... I mean, the board's in trouble now with how long it takes. I can't imagine what would happen if you could just submit whatever evidence and get the earliest possible effective date. It would also get around new and material evidence reopening claims. There'd be no point in that statute anymore. Mr. Hoffman, can I just move... Does she have any claim against the third party here who committed the fraud? Because I was... While we've been discussing this, I've just been thinking about other circumstances that arise with tax problems, with the IRS. Often there's an argument at least that your situation is the result of what some third party did. And I am thinking those issues are relieved by filing a state law claim or some claim against the person who perpetrated the fraud that caused you to lose this money. Is there any claim that's pending by your client against this other person? I don't think so, Your Honor. I don't even know if my client knows where the other person is anymore. Do you agree that in other areas of law and other arenas, normally that would be the appropriate recourse against the person who perpetrated the fraud as opposed to the government as a case? I think that could be the case in a typical civil suit. However, here, Congress never said that, look, if you have recourse against the third party, that means you have no recourse against us. For instance, let's say VA orders someone to a medical exam. And at the medical exam, there's medical malpractice and the person gets hurt. Not only would they be able to make a Section 1151 claim, that would not be barred, even if they were suing that medical examiner in a state court. Congress, when they don't want a veteran to receive duplicate benefits, has always mandated it in a statute. For instance, DOD benefits when you're less than 50% service-connected and VA benefits. So it just doesn't matter. She's entitled to the benefits by statute that Congress wanted her to have. Okay, I take your point. Also, I think you told me at the beginning that Rhonda Matthews never did receive any payments, right? As far as we know, Your Honor, I just don't know. I don't know why she committed the fraud. I don't know what she got out of it. Anything further? If I can respond to one more thing about the 7103 being left open, right? 7103 could be interpreted. The VA was left to figure out when to reconsider. And the VA did at least look at statutes and determine some of which it should reconsider. But what it didn't do, and it figured when it saw that Congress wanted it to reconsider some fraudulent decisions, its second decision is not rational. The government still, to this day, can't provide a rational explanation of why, when it decided to reconsider fraud, it would only reconsider fraud that cost it money. And that's why it's arbitrary and capricious. The court should hold that all decisions influenced by fraud requires reconsideration in order to uphold the confidence that the public has in VA decisions, protect the Treasury, and to ensure all claimants who it knows are entitled to benefits received. Thank you. My colleagues have nothing further. Hearing nothing, I thank both counsel and the case is submitted. Thank you, Janice.